# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN M. TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-965-AGF |
| | ) | |
| CRAIG HIGGINBOTHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Steven M. Trust for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. *Spencer v. Rhodes*, 656 F. Supp. 458, 463 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Id.* at 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff seeks monetary relief in this 42 U.S.C. § 1983 action against the County of St. Louis, as well as St. Louis County police officers Craig Higginbotham, Jason Law, Brian Flanagan, Douglas Wiese, Mark Whitson, Jerry Lee, Michael Bradly, Thomas Noonan, Eric Wally, James Stoener, Allen Williams, and Timothy Cunningham. Plaintiff alleges that, in May and July, 2007, he was unlawfully searched and arrested without cause and with the use of excessive force in violation of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. In addition, plaintiff summarily asserts pendent state-law claims for "false imprisonment, retaliation, excessive force, retaliatory arrest, malicious prosecution, abuse of process, prima facie tort, conspiracy tort, negligence, and gross negligence."

**Discussion**

The Court notes that the defendants named in the instant action are identical to the defendants plaintiff named in an action he filed in this Court on July 31, 2009. *See Trust v. Higginbotham*, No. 4:09-CV-1208-AGF (E.D. Mo.). Moreover, plaintiff's complaint in the instant action [Doc. #1] is virtually identical to the amended complaint [Doc. #55] in the 2009 case. The 2009 case was dismissed as legally frivolous as to defendants County of St. Louis, Lee, Flanagan, Bradly, Noonan, Wally, Stoener, Williams, and Cunningham, and all claims relative to defendants in their official

capacities. Thereafter, the Court granted summary judgment in favor of defendants Higginbotham, Wiese, Whitson, and Law, in their individual capacities, and entered judgment accordingly. Plaintiff did not appeal.

It appears that plaintiff is now seeking to relitigate the 2009 action. As noted above, the facts in the instant action are identical to those set forth in plaintiff's previously-filed lawsuit, and there is an identity of the parties. As such, the Court concludes that the principles of res judicata and collateral estoppel render the instant action legally frivolous. *See Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1168 (8th Cir. 1989)(elements of collateral estoppel); *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)(elements of res judicata); *Poe v. John Deere Co.*, 695 F.2d 1103, 1105-06 (8th Cir. 1982) (explaining principles of res judicata; noting that final judgment on merits precludes relitigation of claim on any ground which could have been raised in prior action). For these reasons, the Court will dismiss this action as legally frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and

malicious and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of August, 2012.

*[signature: Audrey G. Fleissig]*
**UNITED STATES DISTRICT JUDGE**